Mr. Justice Clayton
delivered the opinion of the court.
This was a proceeding in the circuit court of Madison, to try the right to certain property. The execution creditor claimed under a judgment obtained in November, 1843, upon a note of *83 Joseph Clarke, the grantor in the deed of trust, bearing date in January, 1836. Cargill, the claimant, sets up title by purchase under the deed of trust, which bears date in September, 1839, at the sale made in Decamber 1840, at what is alleged to have been a fair price. »
This purchase is assailed upon several grounds. It is first said, that the purchaser, after the purchase, suffered the property to remain in the possession of Clarke; this circumstance is sufficiently explained by the testimony. The publicity of the sale takes away any presumption of fraud, which such possession would otherwise have created, and the proof and verdict negative the existence of any fraud in fact.
• It is again insisted, that the deed of trust was fraudulent, because it embraced articles which are consumable in the use. It will be observed that, not only was the deed of trust executed, but the sale under it took place long before the judgment was rendered, under which the property was seized. If, therefore, the deed of trust were not fraudulent upon its face, and if the purchaser were not guilty of fraud in fact in some part of the transaction, then there is no room to set aside his purchase.
The jury found in favor of the claimant, and thereby relieved him from the imputation of fraud in fact, and there is nothing in the testimony to justify an interference on our part, with this finding on that head.
In regard to the conveyance of property by deed of trust, which' is consumable in the use, it is now settled, that such conveyance is not fraudulent in itself, unless it be stipulated in the deed, that the grantor may use it. In the absence of such stipulation, the conveyance is only prima facie fraudulent, and the fact of fraud is for the determination of the jury. Farmers' Bank of Va. v. Douglass et al., 11 S. & M. 469. This conveyance contains no such express stipulation; this might have been the intention of the parties, but it is not so expressed. There is not the slightest proof that the claimant had any notice of any intended fraud; on the contrary the proof is full, that the.sale was conducted in all respects fairly, and that he paid a fair price. He is thus entitled to the protection of the law, which thro.ws a shield around bona *84 fide purchasers for valuable consideration without notice. Harney v. Pack & Clifton, 4 S. & M. 254.
Objection was taken to the introduction of Joseph Clarke as a witness, but we think the objection was not sustainable. He had no interest that was disclosed ; and if in truth he had any, it was against the party who called him. The property had paid one of his debts, and if he could make it pay another by subjecting it to the execution, his interest lay in that direction. A question asked him, in regard to certain property of his wife, was excluded, and made the ground of exception. It was properly excluded, because in no way pertinent to the issue, and therefore inadmissible.
Some of the exceptions in regard to instructions, require notice. The court was asked to instruct the jury, that the possession of the negroes for three years, by Clarke,’after the sale,, without a written agreement proved and recorded, explaining the nature of the possession, rendered the property liable to the execution. This charge was refused; this refusal was proper. There was no loan by Cargill, the purchaser, to Clarke. An overseer was placed on the plantation by Cargill, in whose possession the property might be considered as vested for the owner. True, Clarke remained on the place, and was in some degree an agent; but the character in which he remained was notorious, and his possession was, in fact, the possession of the owner. The plaintiff in error gave him no credit upon the faith of it. There was no reservation or limitation of a use or property by way of condition, reversion, remainder, or otherwise. The property was in the purchaser unconditionally, and from mere generosity he permitted Clarke to reside upon it, who claimed no interest in it, and exercised no ownership over it, except as subsidiary to Cargill. It seems to us there was no such possession in Clarke, as the statute contemplates, to make the property liable to his debts. The possession was, in fact, with Cargill, and not with him.
The twelfth instruction refused by the court, and made the subject of comment at the bar, falls within the range of what has already been said. ' A bona fide purchaser, for valuable consideration, without notice, under a deed of trust not void *85 upon its face, cannot be affected by any intended fraud of ,the grantor in the deed of trust. He does not stand as the creditor, in the case already cited of Harney v. Pack & Clifton ; or as the purchaser under a deed void upon its face, taking the place of the grantor, in the case of the Farmers' Bank et al. v. Dovglass et al. But he is protected in his purchase, according to the settled American doctrine. 4 Kent, Com. 464.
The judgment is affirmed.